**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

PATRICK TODD O'LEE,
Plaintiff-Appellant,

v.

No. 97-1965

SENTARA HOSPITAL, d/b/a Sentara
Norfolk General Hospital,
Defendant-Appellee.

Appeal from the United States District Court
for the Eastern District of Virginia, at Norfolk.
John A. MacKenzie, Senior District Judge.
(CA-96-840-2)

Argued: January 26, 1998

Decided: April 3, 1998

Before RUSSELL,* WIDENER, and WILKINS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Christopher Colt North, Newport News, Virginia, for
Appellant. William E. Rachels, Jr., WILLCOX & SAVAGE, P.C.,
Norfolk, Virginia, for Appellee. **ON BRIEF:** Susan R. Blackman,
WILLCOX & SAVAGE, P.C., Norfolk, Virginia, for Appellee.

_____

*Judge Russell participated in the hearing of this case at oral argument
but died prior to the time the decision was filed. The decision is filed by
a quorum of the panel. See 28 U.S.C.A.§ 46(d) (West 1993).

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Patrick Todd O'Lee appeals an order of the district court granting summary judgment to Sentara Hospital (Sentara) on O'Lee's claim of age discrimination in violation of the Age Discrimination in Employment Act (ADEA) of 1967. See 29 U.S.C.A.§§ 621-34 (West 1985 & Supp. 1997). Finding no error, we affirm.

I.

Prior to his termination in 1995, O'Lee was employed by Sentara as a perfusionist. In this capacity, O'Lee operated a heart-lung bypass machine during open-heart surgeries. On August 2, 1995, O'Lee assisted an open-heart surgery. After the surgery ended at 5:15 p.m., O'Lee remained in the hospital for approximately one and one-half hours. During that time, O'Lee periodically checked the status of the patient, who had not yet been transferred out of the operating room. When O'Lee believed that the patient was about to be transferred to the intensive care unit, he left the hospital. Before departing, O'Lee informed the charge nurse that he was leaving, that another perfusionist was on call, and that O'Lee could be reached on his beeper if needed.

At 7:00 p.m., the patient's condition deteriorated. The charge nurse attempted to reach O'Lee on Sentara's paging system, but, receiving no response, beeped the on-call perfusionist. The on-call perfusionist did not arrive at the hospital until 40 minutes later, during which time doctors kept the patient alive with manual chest compressions. Although the patient was successfully placed on bypass, he died later that evening.

Pamela Robertson, then director of Sentara's Cardiac Vascular Transplant Operating Center, evaluated whether Sentara should take

2

disciplinary action against O'Lee for his unavailability following the surgery. Because Sentara had no written policy regarding how soon after an operation a perfusionist may leave the hospital, Robertson obtained statements from the other perfusionists regarding their standards of postoperative care. All of the staff perfusionists stated that they would not leave the operating room or its adjoining rooms, let alone the hospital, until after the patient had been safely transferred from the operating room to the appropriate postoperative care unit. Robertson also consulted other members of the operating room team regarding their expectations of perfusionists following surgery. Each of these individuals stated that by leaving the operating room too soon, a perfusionist compromises the ability of the operating room team to provide the required clinical care in the event the patient's condition becomes unstable before transfer. Based on Robertson's interviews, Sentara discharged O'Lee for failing to maintain acceptable standards of work performance.

In August 1996, O'Lee filed this action alleging that Sentara discharged him because of his age, rather than his job performance, in violation of the ADEA. Following discovery, the district court granted Sentara's motion for summary judgment. This appeal followed.

II.

We review de novo an order of the district court granting summary judgment. See Nguyen v. CNA Corp., 44 F.3d 234, 236 (4th Cir. 1995). In so doing, we must view all reasonable inferences drawn from the evidence in the light most favorable to the nonmoving party, and determine whether any material issues of fact exist for trial. See id. at 236-37.

To prevail in a suit under the ADEA, O'Lee must prove that but for Sentara's discriminatory intent, he would not have been discharged. See Conkwright v. Westinghouse Elec. Corp., 933 F.2d 231, 233 (4th Cir. 1991). O'Lee can achieve this result in one of two ways. He can offer direct evidence that Sentara would not have discharged him but for his age; or he can invoke a variant of the burden-shifting scheme articulated in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). See Conkwright, 933 F.2d at 233-34. Because O'Lee has

3

offered no direct evidence of age discrimination by Sentara, we examine O'Lee's case under McDonnell Douglas.

The first stage of the McDonnell Douglas paradigm requires O'Lee to establish a prima facie case of age discrimination. Once O'Lee proves a prima facie case, the burden of articulating a legitimate, nondiscriminatory explanation for its action shifts to Sentara during the second stage of the paradigm. See EEOC v. Clay Printing Co., 955 F.2d 936, 941 (4th Cir. 1992). If Sentara successfully carries this burden, then the third stage requires O'Lee to demonstrate by a preponderance of the evidence that Sentara's proffered reason was pretextual. See id.

O'Lee can establish a prima facie case of age discrimination by demonstrating

> that (1) he was in the age group protected by the ADEA; (2) he was discharged or demoted; (3) at the time of his discharge or demotion, he was performing his job at a level that met his employer's legitimate expectations; and (4) his discharge occurred under circumstances that raise a reasonable inference of unlawful age discrimination.

Halperin v. Abacus Tech. Corp., 128 F.3d 191, 201 (4th Cir. 1997). Although the district court concluded that O'Lee had failed to show that he was meeting Sentara's legitimate expectations at the time of his discharge, for purposes of this opinion we assume that O'Lee established a prima facie case of age discrimination.

In response to O'Lee's prima facie case of age discrimination, Sentara explains that it discharged O'Lee because his unavailability on the evening of August 2 compromised patient care and demonstrated his failure to maintain acceptable standards of work performance. O'Lee maintains that Sentara's articulated nondiscriminatory reason is pretextual.

In order to demonstrate pretext, O'Lee must prove that Sentara's reason was false and that age discrimination motivated Sentara's action. See id. at 201 & n.15. O'Lee contends that Sentara discharged

4

him not because of his job performance, but because it had an age-biased agenda, including a desire to eliminate older, nondegreed perfusionists from the hospital staff. Apparently, formal degree programs are relatively new in the perfusion field, and O'Lee became a perfusionist by virtue of on-the-job training in the early 1970s, before the existence of the formal programs. O'Lee maintains that Sentara's desire to eliminate older perfusionists is evident in statements made by his fellow perfusionists and in Sentara's more favorable treatment of a younger perfusionist.

O'Lee contends that the age-biased sentiments held by the younger, degreed staff perfusionists contaminated Robertson's decisionmaking process and induced her to conclude that Sentara should discharge O'Lee. According to O'Lee, the perfusionists that Robertson interviewed intentionally concocted the standard of performance regarding postoperative care because they wanted older, nondegreed perfusionists, like O'Lee, removed from the staff. Even if this is so, however, it makes no difference. It is undisputed that Robertson had no reason to believe that the standard of care set forth by the perfusionists--and confirmed by others Robertson interviewed--was not the actual standard of care. And, O'Lee does not dispute that Robertson relied on what she believed to be the standard of care in terminating him. Cf. Smith v. Flax, 618 F.2d 1062, 1067 (4th Cir. 1980) (explaining that in determining whether an employer's articulated reasons for dismissal are pretextual, the perceptions of the relevant decisionmaker are pertinent).

Next, O'Lee contends that the fact that Sentara allowed a younger perfusionist to resign rather than be terminated demonstrates that Sentara desired to eliminate older perfusionists from its staff. We disagree. The employment problems that the younger perfusionist experienced at Sentara were associated with her tardiness. Thus, unlike O'Lee, whose violation compromised critical postoperative patient care, the younger perfusionist's tardiness merely prevented the surgeries in which she was participating from beginning on time. Accordingly, O'Lee's situation and that of the younger perfusionist are not sufficiently comparable to provide evidence of pretext.

5

III.

Because O'Lee failed to create a genuine issue of material fact with respect to whether Sentara's nondiscriminatory explanation for its action is a mere pretext for discrimination, we hold that the district court did not err in granting summary judgment to Sentara.*

AFFIRMED
_____
*We grant O'Lee's motions for leave to file attachments to the opening and reply briefs and deny Sentara's motions to strike.